Hillsborough,
No. 4341.

### STATE *v.* ALBERT J. LIPNICK, *Adm'r & a.*

Argued September 7, 1954.

Decided September 30, 1954.

*Louis C. Wyman,* Attorney General and *Richard C. Duncan,* Assistant Attorney General (*Mr. Duncan* orally), for the plaintiff.

*Aaron A. Harkaway* (by brief and orally), for the defendant, Dennis F. Sullivan.

*Albert J. Lipnick, pro se,* furnished no brief.

GOODNOW, J. The sole question before us is whether a lien for old age assistance, established in accordance with R. L., c. 126, s. 32, as amended by Laws 1949, c. 173, s. 1, has priority over a subsequent attachment lien with respect to assistance furnished after the date of the attachment. The answer depends upon whether the Legislature, in which the power to prescribe the priority of statutory liens is vested (*Whitefield &c. District* v.

*Bobst,* 93 N. H. 229, 232), intended to establish such a priority. While it is true that the statute under consideration (R. L., *c.* 126) contains no specific provision concerning the precedence of the statutory lien over a subsequent attachment lien as to funds paid out after the establishment of the latter lien, it does not follow, as contended by the defendant Sullivan, that as to such payments, no priority for the statutory lien was intended.

Old age assistance is granted to those persons who qualify for it in order "to provide a reasonable subsistence compatible with decency and health." R. L., *c.* 126, *s.* 10. A determination of the amount required is based in part upon the recipient's property and income (*Id., s.* 13) as stated in the application and disclosure is required as to the subsequent receipt of property and income. *Id., s.* 19, as amended by Laws 1949, *c.* 100, *s.* 1. The assistance granted is in the nature of a loan to be allowed as a claim against the recipient's estate, if any (*supra, s.* 19) and the recipient is specifically required, as a condition to the grant of assistance, to agree to make reimbursement for all assistance received. *Id., s.* 32a, as inserted by Laws 1949, *c.* 173, *s.* 1.

In order to secure performance of this obligation to repay the full amount of assistance furnished to a recipient (see *Phlipo's Estate* v. *Mercantile National Bank* (Ind. App., 1953), 111 N. E. (2d) 93) provision was made for a lien, the nature of which is described by *s.* 32, as amended by Laws 1949, *c.* 173, *s.* 1, as follows: "The estate of every recipient . . . shall be holden for all assistance granted to the recipient." The amended section also provides that "all such liens shall continue during the lifetime of the recipient" and requires that "within thirty days after the first grant of assistance . . . the commissioner shall file" with the register of deeds and the town or city clerk "notice of the lien, together with the name of the recipient."

Prior to the 1949 amendment, section 32 provided that in order to give notice of a lien, the Commissioner might at any time execute and file with the register of deeds and the town or city clerk "a certificate showing the amount of assistance paid to said person, and when so filed each such certificate shall be a legal claim against the said person and his estate." By the 1949 amendment, the lien was no longer to be limited to the amount of "each such certificate" as may have been filed but was to become effective upon the required filing of a single notice, which notice would contain the name of the recipient but no notation of the

amount of assistance which had been paid to the recipient. Taken in conjunction with the other provision inserted by the 1949 amendment that the lien was to "continue during the lifetime of the recipient," the notice which the Commissioner was now required to file was in effect a notice that a lien was in existence the amount of which would depend upon "all assistance granted . . . during the lifetime of the recipient" (*supra*, s. 32).

The statute does not specifically state that this lien shall take priority over any other lien subsequently acquired. However the language of *s*. 32, as amended, particularly as it is read in the light of the provisions of that section prior to 1949, clearly indicates an intention on the part of the Legislature to provide for a lien to secure performance of the recipient's obligation which, after notice by the required filing, would continue during the lifetime of the recipient and have priority over all subsequent liens to the extent of the old age assistance furnished throughout the lifetime of the recipient. To hold otherwise and grant priority to subsequent attachment liens would impute to the Legislature an intention to permit a recipient and his creditors to dissipate the estate to an unlimited degree and, in spite of its prior recording, to secure the lien for old age assistance only to the extent that the estate was not so depleted.

The fact that section 33 permitted the Commissioner to require, as a condition to a grant of old age assistance, that all or any part of the property of an applicant be transferred to the board in trust to manage and secure payment is significant only to the extent that it indicates that the Commissioner was in a position prior to the 1949 amendment to insist that all property of the recipient be placed beyond the reach of attaching creditors. The 1949 amendment providing for a single lien was doubtless intended to provide an alternative method of securing reimbursement without the necessity of using the method provided by section 33.

The plaintiff is entitled to the full amount of the proceeds from the sale of the real estate remaining in the hands of the administrator, after payment of the expenses of administration, necessary charges for burial and claims for the last sickness of the deceased. *Id.*, *s.* 19, as amended.

*Judgment for the plaintiff.*

All concurred.